Andrew Rozynski, Esq. (NY# 5054465)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
arozynski@eandblaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

---

| | |
|---|---|
| CLETO RODRIGUEZ, | |
| Plaintiff, | **COMPLAINT** |
| v. | **Civ No. 18-859** |
| SAN ANTONIO INDEPENDENT SCHOOL DISTRICT, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

---

Plaintiff, CLETO RODRIGUEZ, by and through his undersigned counsel, EISENBERG & BAUM, LLP, hereby files this Complaint against Defendant, SAN ANTONIO INDEPENDENT SCHOOL DISTRICT (SAISD) and alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Cleto Rodriguez is a deaf individual who communicates primarily in American Sign Language ("ASL"). Plaintiff has been deaf since birth. His deafness impacted his ability to learn and acquire language from an early age, and as a result, he has difficulty communicating in English. Defendant is a public school district in San Antonio, Texas.

2. Defendant has prevented Plaintiff from becoming involved with his child's education, and has discriminated against Plaintiff unlawfully on the basis of Plaintiff's disability of deafness by refusing to provide the ASL interpreters that Plaintiff requires to attend and participate in parent-teacher conferences and Admission, Review, and Dismissal (ARD) meetings on his son's behalf.

3. Based on Plaintiff's allegations herein, it is evident that Defendant has failed to implement policies, procedures, and practices respecting the civil rights and communication needs of deaf individuals. Plaintiff brings this lawsuit to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity to participate in and benefit from Defendant's services.

4. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory and exemplary damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of Plaintiff's disability in violation

of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"); Section 121.003 of the Texas Human Resources Code, and other state and common law causes of action.

## THE PARTIES

5. Plaintiff Cleto Rodriguez brings this action as a resident of San Antonio, Texas. Plaintiff is a profoundly deaf individual who primarily communicates in American Sign Language. He is an individual with a disability within the meaning of federal and state civil rights laws.

6. Defendant SAN ANTONIO INDEPENDENT SCHOOL DISTRICT (SAISD) is a school district based in Downtown San Antonio, Texas, United States. San Antonio ISD is one of 15 school districts serving the San Antonio area. Defendant receives federal funding from the United States Department of Education. Defendant is therefore subject to the requirements of Title II of the ADA and Section 504 of the RA, and Section 121.003 of the Texas Human Resources Code.

## JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under federal law, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under state law.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because both Plaintiff and Defendant are residents of this district.

## STATEMENT OF FACTS

9. Plaintiff Cleto Rodriguez is profoundly deaf and communicates primarily in American Sign Language (ASL).

10. Defendant is a public school district in San Antonio, Texas.

11. Beginning in August of 2016, Plaintiff's minor son began having problems in school. His grades began to drop, he began getting written up in class, and sent to in school suspension.

12. When Plaintiff asked his son about his behavioral issues, Plaintiff's son told Plaintiff that he was being physically bullied at school, that kids were making fun of his father and aunt for being deaf, and that his teachers were not doing anything to stop the bullying.

13. As a result of Plaintiff's son's numerous write-ups, staff at Tafolla Middle School called Plaintiff in for a parent-teacher conference.

14. Plaintiff informed Defendant's staff that he was deaf and would require an interpreter for the meeting. Defendant's staff stated that they would call for an interpreter.

15. However, when Plaintiff arrived for the parent–teacher conference, there was no interpreter. Plaintiff asked Defendant's staff where the interpreter was

and Defendant's staff responded that they did not know.

16. Because Plaintiff is unable to effectively communicate without the aid of an ASL interpreter, he requested that the meeting be rescheduled, gave Defendant's staff a card for an interpreter agency, and asked that an interpreter please be provided for all future parent-teacher conferences, ARD meetings, and other important parent events.

17. Several weeks later, Defendant's staff again called Plaintiff in for an ARD meeting concerning his son's schooling and his behavioral problems.

18. Plaintiff, Plaintiff's sister, Plaintiff's mother, and Plaintiff's son all attended the meeting. However, Defendant again failed to provide an interpreter for the meeting.

19. Plaintiff's mother asked why no interpreter was present. Defendant's staff stated that they could not get an interpreter and asked for Plaintiff to sign a form. Plaintiff refused to sign the form, and again insisted that an interpreter be provided for all important meetings and conferences concerning his son.

20. Plaintiff was called to ARD meetings by Defendants approximately four or five more times.

21. No interpreters were provided for any of these meetings.

22. To date, Defendant has refused to provide an interpreter to enable Plaintiff to attend parent-teacher conferences or other school events.

23. Without the aid of an interpreter, Plaintiff has been unable to attend and participate in meetings and conferences concerning his child. He has therefore been unable to gain access to the information he needs to meaningfully participate in his child's education.

24. Plaintiff has been unable to communicate with his son's teachers about the bullying that his son has been facing at school, and has been hindered from aiding his son in alleviating the bullying.

25. Plaintiff therefore continues to be harmed by Defendant's conduct.

26. Defendant has intentionally prevented Mr. Rodriguez from participating in parent-teacher conferences and other school events by failing to provide the ASL interpreters necessary for his participation.

27. Defendant intentionally discriminated against Plaintiff with deliberate indifference to his rights and to his communication needs, causing Plaintiff to suffer humiliation, frustration, and emotional distress, and inhibiting him from having the opportunity to engage in serious parenting decisions concerning the schooling, physical safety, and mental well-being of his minor child.

28. Plaintiff still wishes to attend parent-teacher conferences and other school events, and to engage in meaningful conversations with Defendant's staff about the bullying that his child has faced and about the behavior problems that his son has displayed as a result. However, Plaintiff is being prevented from doing so

by Defendant's discrimination against him on the basis of his disability.

## CLAIM I: VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

29. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

30. At all times relevant to this action, Title II of the ADA, 42 U.S.C. § 12131, et seq. has been in full force and effect and has applied to Defendant's conduct.

31. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

32. Defendant is a public entity within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1).

33. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

34. Federal regulations implementing Title II of the ADA provide that a public entity may not "(i) deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) afford a qualified individual with a disability an opportunity to participate in or benefit from

the aid, benefit, or service that is not equal to that afforded others; [or] (iii) provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 28 C.F.R. § 35.130(b)(1).

35. Federal regulations implementing Title II of the ADA further provide that a public entity "shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1).

36. Federal regulations implementing Title II of the ADA further provide that a public entity "shall furnish appropriate auxiliary aids and services where necessary," and "in order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 35.160(b).

37. Defendant discriminated against Plaintiff, on the basis of his disability of deafness, in violation of Title II of the ADA and its implementing regulations.

38. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1), and/or common law.

## CLAIM II: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

39. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

40. At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 was in full force and effect and applied to the Defendant's conduct.

41. At all times relevant to this action, Plaintiff has had substantial impairment to the major life activities of hearing and speaking within the meaning of the Rehabilitation Act regulations at 45 C.F.R. § 84.3(j). Accordingly, he is an individual with a disability as defined under 29 U.S.C. § 708(20)(B), Section 504, as amended.

42. At all times relevant to this action, Defendant has received federal funds, and has therefore been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

43. Pursuant to Section 504, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794.

44. Defendant has discriminated and continues to discriminate against Plaintiff solely on the basis of his disability by denying him meaningful access to

the services, programs, and benefits the Defendant offers to other individuals, and by refusing to provide auxiliary aids and services necessary to ensure effective communication, in violation of Section 504 of the Rehabilitation Act. 29 U.S.C. § 794.

45. Defendant further discriminated against the individual Plaintiff by failing to ensure effective communication through the specific provision of qualified in-person interpreters.

46. Plaintiff is therefore entitled to compensatory damages, injunctive relief, and an award of attorney's fees, costs, and disbursements, pursuant to 29 U.S.C. § 794(a).

## CLAIM III: VIOLATIONS OF THE TEXAS HUMAN RESOURCES CODE § 121.003

47. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

48. At all times relevant to this action, Plaintiff was substantially limited in the major life activities of hearing and speaking. Accordingly, he is an individual with a disability as defined under Chapter 121 of the Texas Human Resources Code, § 121.002(4) (D)-(E).

49. Defendant owns, leases, and/or operates a place of public accommodation as defined under Chapter 21 § 121.002(5).

50. Chapter 121 of the Texas Human Resources Code provides that

"[p]ersons with disabilities have the same right as persons without disabilities to the full use and enjoyment of any public facility in the state." Tex. Hum. Res. Code § 121.003(a).

51. Chapter 121 defines "discrimination" as a failure to "make reasonable accommodations in policies, practices, and procedures; or provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility." Id. § 121.003(d)(2)-(3).

52. Defendant failed to provide the auxiliary aids and services necessary to accommodate Mr. Rodriguez disability.

53. For the reasons described above, Defendant failed to make reasonable accommodations for Plaintiff in the form of the auxiliary aids and services necessary to accommodate his disability. In doing so, Defendant denied Plaintiff access to its services in the same manner that they are provided to non-disabled individuals. Accordingly, Defendant violated Plaintiff's rights pursuant to Chapter 121 of the THRC.

54. Chapter 121 of the THRC provides that an individual may seek a civil remedy in a court of competent jurisdiction if he has been denied access to any public facility or service or if an entity has failed to provide him with reasonable accommodations. *Id*. §121.003-121.004.

55. Under Chapter 121 any public or private organization that violates the

provisions of Section 121.003, "is deemed to have deprived a person with a disability of his or her civil liberties. The person with a disability deprived of his or her civil liberties may maintain a cause of action for damages in a court of competent jurisdiction, and there is a conclusive presumption of damages in the amount of at least $300 to the person with a disability." *Id*. § 121.0004(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

   a.   Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title II of the Americans with Disabilities Act, Section 504 of the RA, and Section 121.003 of the Texas Human Resources Code.

   b.   Issue an injunction forbidding Defendant from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, and/or accommodations;

   c.   Issue an injunction ordering Defendant:

      i.   to provide the ASL interpreters necessary to enable Plaintiff to attend and participate in parent-teacher conferences and other school

        events;

  ii.   to enable Plaintiff to participate fully and equally in Defendant's goods, facilities, privileges, advantages, and/or accommodations;

  iii.  to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals;

  iv.  to train all its employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA and the RA;

d. Award to Plaintiff:

  i.  Compensatory damages pursuant to Title II of the ADA, Section 504 of the Rehabilitation Act, and Section 121.003 of the Texas Human Resources Code;

  ii.  Reasonable costs and attorneys' fees pursuant to the ADA, the RA, and the THRC;

  iii.  Interest on all amounts at the highest rates and from the earliest dates allowed by law;

  iv.  Any and all other relief that this Court finds necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated: August 20, 2018

        Respectfully submitted,

        EISENBERG & BAUM, LLP
        24 Union Square East, Fourth Floor
        New York, NY 10003
        212-353-8700 (tel.)
        212-353-1708 (fax)
        *Attorneys for Plaintiff*

        By:

        _____
        Andrew Rozynski, Esq.
        arozynski@eandblaw.com