## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CLETO RODRIGUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. SA-18-CA-859-FB** |
| | § | |
| **SAN ANTONIO INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

---

## CONSENT DECREE

---

**WHEREAS** Plaintiff Cleto Rodriguez ("Plaintiff") commenced this action against San Antonio Independent School District ("Defendant") by filing a Complaint in the United States District Court for the Western District of Texas ("the Complaint"), seeking declaratory and injunctive relief, and compensatory damages, as well as attorney's fees and costs, for alleged violations of federal and state anti-discrimination laws in connection with Plaintiff's participation in Defendant's services, as set forth in the Complaint;

**WHEREAS** Plaintiff and Defendant (collectively, "the Parties") now desire to resolve the issues raised in this litigation without further proceedings;

**WHEREAS,** the Parties, understand and agree that the making of this Consent Decree shall not, in any way, be construed as an admission or statement against interest of Defendant of any guilt, liability, wrongdoing or non-compliance by any Releasee with any Federal, State, or local law;

**WHEREAS** Plaintiff has authorized his counsel to settle this matter with respect to all claims against Defendant on the terms set forth herein;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through the undersigned, as follows:

1.      The above-referenced action is dismissed against Defendant with prejudice and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2.      The Defendant hereby agrees to pay Plaintiff the sum total of One Hundred Fifty Thousand Dollars and Zero Cents ("$150,000.00") in full satisfaction of all claims, including claims for damages, costs, expenses, and attorneys' fees that were or could have been raised in this action. The payment is to be made by check payable to "EISENBERG & BAUM, LLP, IOLA TRUST ACCOUNT" and mailed to Andrew Rozynski, Eisenberg & Baum, LLP, at 24 Union Square East, New York, New York 10003.

IT IS HEREBY FURTHER STIPULATED:

3.      Defendant will use its best efforts to provide qualified in-person interpreters to Deaf parents of students, upon at least 72 hours request for any requested meetings with teachers, administrators or other relevant school personnel. Also, Defendant will use its best efforts to provide in-person interpreters for any requested campus events that have meaningful aural information delivered, as long as request is made within 72 hours' notice to the Defendant.

4.      Within 180 days of this agreement, Defendant shall contract with a reputable Video Relay Interpreting ("VRI") Services company which has the capacity to provide qualified sign language interpreters on an on-demand basis over video. This service will be installed and provided at any school which has an identified parent whom is Deaf and communicates in sign language. The service will comply with applicable ADA regulation, 28 C.F.R. § 36.303(f). Deaf parents will

- 2 -

be able to utilize these VRI services for communications which are 15 or less minutes to discuss information related to the child's education. If a meeting requires more than 15 minutes of discussion an in-person interpreter will be requested in accordance with paragraph 3 of this agreement.

5.      The Defendant will provide training to all its employees during the 2019-2020 school year regarding its obligation to provide sign language interpreters to Deaf parents for meetings and campus events. Defendant's staff will be trained on how to obtain sign language interpretation in a timely manner. New employees will be trained on the above-mentioned material during their orientation. In addition, newly assigned principals and 504 coordinators will be trained within 30 days of hire or transfer.

6.      Defendant will have proper procedures conspicuously posted throughout schools that they have identified as having Deaf parents informing staff of their obligation to provide sign language interpreters visibly posted in conspicuous areas, with the appropriate persons to call to obtain such services in a timely fashion. This form will be in substantial form to ("Exhibit A").

7.      At the beginning of each school year, all of Plaintiff's children's teachers and administrators will be informed of the procedures in obtaining qualified sign interpreters for Plaintiff in a timely manner upon request.

8.      Defendant will develop a form or modify their "language spoken at home" forms to ensure that there is paperwork during registration or otherwise in which a Deaf parent can self-identify sign language as a language spoken at home so Defendant is on notice and can take reasonable steps to accommodate that Deaf parent upon request.

9.      In consideration for the payment and consideration of the amounts and equitable relief set forth in paragraphs "2-8" above, Plaintiff agrees to dismiss and discontinue, with

- 3 -

prejudice, all claims against Defendant and to release and discharge any and all liability, claims, or rights of action which were or could have been alleged by Plaintiff in the aforementioned action arising out of the facts and events alleged in the Complaint in this action.

10.     In the event of a breach of this agreement, before moving the Court to enforce this agreement, the parties shall engage in a notice and cure process, in which Plaintiff will notify Defendant's counsel Philip Marzec and R. Darin Darby in writing of a breach by Defendant and Defendant will have 14 days to cure the breach or explain why it cannot cure the breach. If the parties cannot come to a reasonable resolution within 45 days of written notice by Plaintiff, the parties are free to move this Court to adjudicate whether a breach occurred and to enforce this agreement.

11.     Facsimile and/or photocopied signatures on this Consent Decree shall have the same effect as original signatures.

12.     This Consent Decree contains all of the terms and conditions agreed upon by the Parties, and no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Consent Decree, regarding the subject matter of the instant action shall be deemed to exist, to bind the Parties, or to vary the terms and conditions contained in this Consent Decree.

13.     The Court shall retain jurisdiction over this Consent Decree until such time when Plaintiff has no children enrolled in the San Antonio Independent School District.

Dated:   San Antonio, Texas
         June 11, 2019

EISENBERG & BAUM, LLP
Andrew Rozynski

Attorneys for Plaintiff
Anacleto Rodriguez
24 Union Square East, Fourth Floor
New York, New York 10003
(212) 353-8700
arozynski@EandBLaw.com

Philip Marzec
R. Darin Darby
Escamilla & Poneck, LLP
Attorneys for Defendant
San Antonio Independent School District
700 North St. Mary's Street
Suite 850
San Antonio, Texas 78205
Direct Line (210) 503-4105
pmarzec@escamillaponeck.com

_____

Andrew Rozynski

By: _____

Philip Marzec

IT IS HEREBY ORDERED that this case is now CLOSED.

It is so ORDERED.

SIGNED this 18th day of June, 2019.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE

- 5 -